# In the United States Court of Federal Claims

(Pro Se)
No. 19-1986C
(Filed: January 13, 2020 | Not for Publication)

| | |
|---|---|
| STEVEN E. HECKER,  ) | Keywords: Pro Se; Subject-Matter |
| ) | Jurisdiction; Sua Sponte |
| Plaintiff,  ) | |
| ) | |
| v.  ) | |
| ) | |
| THE STATE OF WASHINGTON,  ) | |
| ) | |
| Defendant.  ) | |

## OPINION AND ORDER

**KAPLAN, Judge.**

    Plaintiff Steven Hecker, appearing pro se, filed his complaint in this court on December 26, 2019, Docket No. 1, along with an application to proceed in forma pauperis, Docket No. 2. Mr. Hecker alleges that he is the rightful owner of a townhome unit in Lynwood, Washington. Compl. at 2. He seeks 1) a declaration "that the title to the subject property is vested in [him] alone . . . [and that the State of Washington] be declared to have no estate, right, title or interest in the subject property"; 2) an injunction prohibiting the State of Washington from "asserting any estate, right, title or interest in the subject property"; and 3) an order "compelling [the State of Washington] to transfer legal title and possession of the subject property" to Mr. Hecker. Id. Mr. Hecker also filed a supplement with his complaint which includes copies of his various correspondences with several lending institutions concerning fraud in a foreclosure action for his property. This supplement also includes a copy of his complaint filed against Clear Recon Corp., WEI Mortgage LLC, and Loancare in the Superior Court of the State of Washington. Compl. Suppl. ("Suppl.") at 29, Docket No. 1-1.

**I.    Mr. Hecker's Motion to Proceed In Forma Pauperis**

    Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor."[1] A plaintiff does not have to "be absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. DuPont De Nemours & Co., 335 U.S.

---

[1] For purposes of 28 U.S.C. § 1915, the Court of Federal Claims is a court of the United States. 28 U.S.C. § 2503(d).

331, 339 (1948). An affidavit that demonstrates that a plaintiff is unable to pay the fee or give security and still provide for himself and any dependents is sufficient. See id.; see also Waltner v. United States, 93 Fed. Cl. 139, 143 (2010) (stating that the question is whether "paying such fees would constitute a serious hardship on the plaintiff") (internal quotation and citations omitted).

Mr. Hecker states in his application that he currently has "$23" dollars in cash or in a checking or savings account. Pl.'s Appl. To Proceed In Forma Pauperis at 2. Mr. Hecker has also listed $325 in monthly expenses. Id. He is currently unemployed and has been since November 2018. Id. at 1–2. Under these circumstances, Mr. Hecker has sufficiently demonstrated that he is unable to pay the court's filing fee. His application to proceed in forma pauperis is therefore **GRANTED**.

## II.     Subject-Matter Jurisdiction

It is well established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Harris v. United States, 113 Fed. Cl. 290, 292 (2013). Furthermore, the Court has an independent obligation to satisfy itself of its jurisdiction. See Arbaugh v. Y&H Corp., 546 U.S. 500, 506–07, 514 (2006); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008); see also RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Having reviewed the complaint, the Court finds that it lacks subject-matter jurisdiction and is obligated to dismiss the case on that ground.

The Tucker Act grants the United States Court of Federal Claims the power "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Mr. Hecker brings this suit against the State of Washington, but the United States is the only proper defendant in the Court of Federal Claims. See United States v. Sherwood, 312 U.S. 584, 588 (1941); see also Del Rio v. United States, 87 Fed. Cl. 536, 539 (2009).[2] Therefore, Mr. Hecker's claim must be **DISMISSED**.

For the foregoing reasons, Mr. Hecker's application to proceed in forma pauperis is **GRANTED**, but his complaint is **DISMISSED without prejudice** for lack of subject-matter

---

[2] In the supplement to his complaint, Mr. Hecker states that the "Second Federal Bank of California" and the Federal Reserve colluded to create the "'money' that was advanced on behalf of the borrower from thin air by bookkeeping entry," though apparently it was the bank that "willfully and maliciously" defrauded Mr. Hecker. Compl. Suppl. at 7. Although the Federal Reserve is an arm of the federal government, a passing reference to a federal entity does not provide a basis for the Court to exercise jurisdiction over Mr. Hecker's complaint.

jurisdiction. The Clerk is directed to enter judgment accordingly. Each side shall bear its own costs.

**IT IS SO ORDERED.**

_____
ELAINE D. KAPLAN
Judge